UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

| | |
|---|---|
| In Re<br><br>Michael J. Barnes and<br>Beverly Hendricks-Barnes,<br><br>    Debtors.<br>_____<br><br>Michael J. Barnes and<br>Beverly A. Hendricks-Barnes<br><br>    Plaintiffs/Debtors.<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>    Defendant. | Case No.: 10-46482-399<br>Adv. No.: 10-4301-399<br><br>Chapter 13<br><br><br><br><br><br><br><br>Kozeny & McCubbin, L.C.<br>12400 Olive Blvd., Suite 555<br>St. Louis, MO 63141<br>(314) 991-0255<br>edmo@km-law.com |

## **MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO HOLD THE INSTANT ADVERSARY PROCEEDING IN ABEYANCE OR FOR A MORE DEFINITE STATEMENT**

COMES NOW, Wells Fargo Bank, N.A. ("Defendant"), by and through its attorneys Jonathon B. Burford and Pamela B. Leonard of Kozeny and McCubbin, L.C., and for its motion to dismiss or, in the alternative, to hold the instant adversary proceeding in abeyance or for a more definite statement, states as follows:

1. On June 10, 2010, the Plaintiffs filed their voluntary petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

2. On July 9, 2010, the Plaintiffs filed the instant adversary proceeding against the Defendant ("Plaintiffs' Complaint").

3. Federal Rule of Civil Procedure ("Federal Rule") 12(b)-(h) applies to an adversary proceeding through Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7012.

4. Plaintiffs' Complaint fails to allege facts sufficient to state a claim upon which relief can be granted by the Court. Therefore, the Court should dismiss Plaintiffs' Complaint under Federal Rule 12(b)(6) made applicable to this proceeding by Bankruptcy Rule 7012.

5. In the alternative, the Defendant suggests that the Court hold Plaintiffs' Complaint in abeyance. The Plaintiffs have filed a civil complaint against the Defendant with the United States District Court for the Eastern District of Missouri. *See case no. 4:10-cv-000619-FRB*. In the district court case, the Plaintiffs filed a motion using the same document they used for the Plaintiffs' Complaint in the instant case. *See docket entry no. 33.* The magistrate judge has not issued a ruling on the motion. Therefore, the Defendant asserts that in the interests of judicial economy, the Court should defer its ruling on the Plaintiffs' Complaint until the magistrate judge has ruled on the motion filed in the civil case.

6. In the alternative, the Plaintiffs' Complaint contains vague and ambiguous allegations. Consequently, the Defendant cannot frame an appropriate responsive pleading to them. The Defendant requests that the Court issue an order requiring Plaintiffs to make a more definite statement.

WHEREFORE, the Defendant prays that the Court grant the Defendant's Motion and dismiss Plaintiffs' Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) made applicable to this proceeding by Fed. R. Bankr. P. 7012;

alternatively, the Defendant prays that the Court hold the instant adversary proceeding in abeyance pending ruling of an identical motion by the United States District Court for the Eastern District of Missouri; alternatively, the Defendant prays that the Court require the Debtor to make a more definite statement; the Defendant prays that it recover its fees and costs expended and incurred in defense of the Plaintiffs' Complaint; and that the Court grant the Defendant such other and further relief as may be deemed just and proper.

Respectfully submitted,

Kozeny & McCubbin, L.C.

  /s/ Jonathon B. Burford
Jonathon B. Burford #546304, #59337
Pamela B. Leonard #498705, #37027
Attorneys for Defendant
12400 Olive Blvd., Suite 555
St. Louis, MO 63141
Phone: (314) 991-0255
Fax: (314) 567-8019
edmo@km-law.com
Attorneys for Defendant

Copy mailed to:

Michael J. Barnes
Bevery A. Hendricks-Barnes
Plaintiffs/Debtors
4770 Parkton Place
Florissant, MO 63033

John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

Office of U.S. Trustee
111 South Tenth Street
Suite 6353
St. Louis, MO 63102