UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 10-46482-399 |
| ) | |
| MICHAEL J. BARNES ) | Chapter 13 |
| BEVERLY HENDRICKS-BARNES, ) | |
| ) | |
| Debtors, ) | |
| ) | |
| MICHAEL J. BARNES and ) | |
| BEVERLY HENDRICKS-BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adversary No. 10-04301-399 |
| ) | |
| WELLS FARGO & CO, ) | **NOT FOR PUBLICATION** |
| WELLS FARGO BANK, N.A., ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before this Court on the Motion to Dismiss or, in the Alternative, to Hold the Instant Adversary Proceeding in Abeyance or for a More Definite Statement (the "Motion to Dismiss") filed by Wells Fargo Bank, N.A. (the "Defendant").[1] For the reasons set forth below, the adversary proceeding brought by the Plaintiffs against the Defendant is dismissed with prejudice.

---

[1] It appears that the Plaintiffs improperly listed Wells Fargo & Co., et al., and Wells Fargo Bank, N.A. as defendants in this action when the allegations seem to pertain to a note and deed of trust held only by Wells Fargo Bank, N.A. In addition, throughout the pleadings, the Plaintiffs refer to either Wells Fargo Bank, N.A. or Wells Fargo Home Mortgage, without explaining the distinction between the two. For purpose of this decision, this Court interprets the Plaintiffs' Complaint to mean that they intended to bring this action against Wells Fargo Bank, N.A.

1

**BACKGROUND**

On June 10, 2010, Michael J. Barnes and Beverly Hendricks-Barnes (together, the "Plaintiffs") filed a petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). The Defendant filed a proof of claim in the Plaintiffs' bankruptcy case for the amount of $123,503.41. Attached to the proof of claim are copies of a promissory note originally made by the Plaintiffs to Netbank for the principal amount of $128,100 and some pages of a deed of trust securing the loan. The promissory note was endorsed to the Defendant.

On July 9, 2010, the Plaintiffs, acting *pro se*, commenced this adversary proceeding by filing a Motion to Vacate and Dismiss all Debt Claims Due to Breach of Statute/Contract and Violation of Statutes that Govern Discharge Debts in Contracts and a Brief in Support (together, the "Complaint"). The Complaint includes a random compilation of statutory and case law with no separate delineation of the causes of action the Plaintiffs seek to assert.[2]

On August 16, 2010, the Defendant filed its timely Motion to Dismiss. The Motion to Dismiss sought dismissal of this adversary proceeding under Federal Rule of Civil Procedure 12(b)(6), as applicable in bankruptcy proceedings under Federal Rule of Bankruptcy Procedure 7012(b) or, in the alternative, that the adversary proceeding be held in abeyance until the United States District Court for the Eastern District of Missouri makes a ruling in adversary proceeding 4:10CV619 FRB pending in that court. Also in

---

[2] At the same time when the Plaintiffs filed the Complaint, they also commenced a similar adversary proceeding against a different defendant. The complaints in the two adversary proceedings are similar, but not identical. It appears that the grammatical problems in the Complaint were caused, in part, by the Plaintiff's attempt to use portions of the same pleading in both adversary proceedings.

the alternative, the Defendant asked that this Court require the Plaintiffs to amend their pleadings to make a more definite statement.

The Plaintiffs then filed a document referred to as a "Plaintiff's instanter motion to dismiss/memorandum of law/notice to the court," "Brief in support of motion to dismiss," and "Memorandum of law in support of the point of law that party alleging to be creditor must prove standing." Like their Complaint, the document filed by the Plaintiffs is nearly incomprehensible. This Court treats the Plaintiffs' document as a request for information and a memorandum in support (the "Request for Information").

By this action, the Plaintiffs request that this Court determine that any debt they owe to the Defendant be declared invalid and that the Defendant's lien on their real property be released.[3] The Plaintiffs also seem to ask this Court to vacate an allegedly invalid mortgage foreclosure judgment.

As this Court understands the Plaintiffs' factual allegations, they maintain that they have been "grossly and unlawfully/illegally violated in respect to a contract with [the Defendant]." The Plaintiffs also contend that they provided a bond to the Defendant "for the discharge of the debt for property at address 6853 Foxbend Ct., Florissant, MO 63033-4808." They maintain that because the bond was not returned to them, it was accepted as payment for any debt the Plaintiffs owed to the Defendant and, accordingly, any such debt has been discharged. They also state that an "original negotiable instrument 'contract' bond [sic]" given by the Plaintiffs "has been altered." The Plaintiffs refer to a foreclosure "judgment" obtained by the Defendant against them in the amount

---

[3]Some allegations in the Plaintiffs' Complaint refer to actions taken by a plaintiff, identified as "I." It appears that the use of "I" is probably meant to refer to both Plaintiffs.

3

of $128,100, but they do not provide a copy of the alleged "judgment" or any details about it.

The Plaintiffs' Complaint includes a claim that the Defendant's "judgment" is void because it was obtained by a debt collector, the Defendant's attorneys, and that the debt collector failed to comply with the requirements of the Fair Debt Collection Practices Act ("FDCPA").  They also allege that the "judgment" is invalid because the Defendant has supposedly not provided certain documentation that the Plaintiffs requested, an original copy of the promissory note or bond showing their indebtedness and a full accounting of the indebtedness, and because the Defendant violated provisions of the Uniform Commercial Code.  In addition, they argue that the Defendant lacked standing in this Court.  Last, the Plaintiffs state that they "invoke my right to counterclaims for damages suffered by myself committed by [the Defendant] in respect to their Color of Authority Actions which accompanies this Action as a separate set of Counterclaims."

In their Request for Information, the Plaintiffs demand production of certain documentation from the Defendant.  They also suggest that the Defendant's attorneys brought a suit against them without the Defendant's knowledge and allege harm to them based on "Attorneys for defendants' pattern of acts against me."   Last, they allege that the Defendant's failure to respond to their Request for Information within thirty days of receipt of it will constitute a "confession of violation of the [FDCPA] as well as 18 U.S.C. § 1962 accomplished by willful violation of 18 U.S.C. § 1341."  The Plaintiffs also refer to the Defendant's "daily practices of monetizing promissory notes, making the owner a

borrower, and loaning credit [so] they can create more money with my signature via fractionalizing and commit fraud with arrogance."

## DISCUSSION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(b), 157(b) and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. §157(b).

### Dismissal

Federal Rule of Civil Procedure 8(a)(2), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7008, provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion made under Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 7012(b), concerns the legal sufficiency of a complaint based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has articulated the standard for surviving a motion to dismiss for failure to state a claim upon which relief can be granted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Ashcroft v. Iqbal*, - - - U.S. - - -, - - -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(internal citations omitted; *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

5

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plausibility standard applies in "all civil actions." *Ashcroft*, 129 S.Ct. at 1953 (citation omitted).

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2)." *Hamilton v. Palm*, --- F.3d ----, Case. 09-3676, 2010 WL 3619580 at *1 (8th Cir. Sept. 20, 2010). To meet the plausibility standard, "[a] plaintiff need only allege facts that permit a reasonable inference that the defendant is liable, even if the complaint 'strikes a savvy judge that actual proof of the facts alleged is improbable' and 'recovery is very remote and unlikely.'" *Id.* (quoting *Braden v. Wal-Mart Stores*, 588 F.3d 85, 594 (8th Cir. 2009)(quotation omitted)).

"Although pro se complaints, 'however inartfully pleaded,' are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), 'a [court] should not assume the role of advocate for the pro se litigant,' nor may a [court] 'rewrite a [complaint] to include claims that were never presented,'" *Allen v. ASRC Commc'n*, No. 4:08CV1575, 2010 WL 1404179, at *2 (E.D. Mo. Apr. 8, 2010)(quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quotations omitted), cited with approval in *Palmer v. Clarke*, 408 F.3d 423, 444 n. 15 (8th Cir.2005)).

In the most basic sense, the Plaintiffs' Complaint fails to meet the plausibility standard. It is a redundant hodgepodge of assorted theories, statutes and case law. The Plaintiffs did not include relevant facts to support their legal theories. In some instances, it is impossible to determine which legal theories the Plaintiffs attempt to assert. The Defendant has not been put on notice of the cause of action against it. In addition, this Court is unable to draw a reasonable inference that the Defendant is liable for some vague cause of action.

**Tender of Bond as Satisfaction of Debt**

The Plaintiffs allege that they have been "grossly and unlawfully/illegally violated in respect to a contract with [the Defendant]." According to the allegations in their Complaint, any obligation they owed to the Defendant was discharged by the tender of a bond. Specifically, the Plaintiffs claim that the bond that they tendered to the Defendant discharged "the debt for property at address 6853 Foxbend Ct., Florissant, MO 63033-4808, pursuant to the federal laws that govern the payment of (alleged) debts which is the United States statutes at large Volume 48 stat 112 & 113." They quote the following language:

> Therefore be it resolved by the Senate and House of Representatives of the United States of America in Congress assembled, that every provision contained in or made with respect to any obligation which supports to give the Obligee a right to require payment in gold or a particular kind of coin or currency, or in an amount of money of the United States measured thereby, is declared to be against public policy; and no such provision shall be contained in or made with respect to any obligation hereinafter incurred.

In addition, they cite to sections 3-601 through 3-604 of the Uniform Commercial Code as adopted in Missouri (the "Missouri UCC") to support their claim that the bond tender discharged their liability. *See* Mo. Ann. Stat. § 400.3-601-604. Missouri UCC sections 3-601 through 3-604 concern the discharge of a party's obligation to pay a negotiable instrument.

Viewed in their entirety, the legal and factual allegations in the Complaint are at best confusing, leaving this Court unable to make a reasonable inference that the Defendant is liable. Rather, it seems that the Plaintiffs tendered nothing to the Defendant other than a worthless piece of paper, which, of course, would not constitute payment in lawful currency of the United States. None of the Plaintiffs' arguments

7

suggest that the bond had value.  The Plaintiffs provide no details about the bond, such as its type, amount or issuor.  While they claim that the bond constituted "a "tender in payment," the Plaintiffs never actually indicate what, if anything, was paid to the Defendant.  The Plaintiffs' citation to the suspension of the gold standard in connection with their bond tender indicates that their allegations amount to a claim that the tender was as made by a document that, in fact, lacks value.  *See McLauglin v. CitiFinancial Auto Credit, Inc.*, No. 3:09 CV 1844 (MRK), 2010 WL 2377089 at *6-7 (D. Conn. June 11, 2010).

Even though the Plaintiffs did not label them as such, their Complaint might be rooted in a theory known by other courts as the "redemptionist" theory or a similar theory about the United States banking system.  *See*, *e.g. McLaughlin v. CitiMortgage, Inc.,* No. 3:09 CV 1762 (MRK), 2010 WL 2377108  (D. Conn. June 11, 2010)(discussing the "redemptionist," "vapor money" and "unlawful money" theories); *Bryant v. Washington Mutual Bank,* 524 F.Supp.2d 753, 758-60 (W.D. Va. 2007)(explaining claims that debtors may issue a bill of exchange requiring the government to pay their debts out of secret trusts as being based in "revisionist legal history and conspiracy theory").  Although it may vary from case to case, this theory instructs, in part, that the government holds a secret trust account for each citizen containing profits that the government gained by pledging its citizens as collateral for the national debt.  *Bryant*, 524 F.Spp. 2d. at 758-59.  Each individual is afforded the remedy of recovering the profits in his trust account if he follows the proper steps.  *Id*.  In 1933, the government provided the remedy by the section quoted by the Plaintiffs above declaring clauses in contracts requiring payment in gold or in an amount of money of the United States measured thereby to be against public policy.  *Id*.  One who learns how to take

advantage of this remedy can use the debt owed to him by the government to discharge his debt to third parties. *Id.* Arguments based on this and other similar theories have been rejected by courts as being frivolous and a waste of judicial resources. *See, e.g., Id.* (collecting cases)*; McLaughlin,* 2010 WL 2377108 at *11 (D. Conn. June 11, 2010)(same); *Barnes v. Citigroup, Inc.*, No. 4:10CV620 JCH, 2010 WL 2557508, at *4 (E.D. Mo. June 15, 2010) (discussing "vapor money theory" and explaining that it and similar arguments are regularly rejected).[4]

**Fair Debt Collection Practices Act**

The FDCPA allegations in the Complaint focus on the supposed failure of the Defendant's attorneys to follow certain procedures under the FDCPA before obtaining a judgment against the Plaintiffs. This Court is without jurisdiction to consider a cause of action against the Defendant's attorneys as such attorneys were not made defendants to this action.

Even if the allegations could be deemed to be allegations against the Defendant, the Plaintiffs still would have failed to plead a plausible cause of action because the Complaint does not argue that the Defendant was a debt collector. The FDCPA prohibits debt collection abuses by "debt collectors." The FDCPA defines a "debt collector" as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Alternatively, a "creditor" is defined in the FDCPA as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any

---

[4]The Plaintiffs' reliance on one or more of these theories is further suggested by the statements in their Request for Information regarding the Defendant's "daily practices of monetizing promissory notes, making the owner a borrower, and loaning credit [so] they can create more money with my signature via fractionalizing and commit fraud with arrogance."

9

person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).  The Plaintiffs did not plead that the loan was in default at the time the Defendant acquired it and, accordingly, this Court cannot find that the Defendant was a debt collector.  Rather, the Defendant appears to be a creditor under the FDCPA.

Even if the Plaintiffs did otherwise hold a action against the Defendant under the FDCPA, it would be an asset of the Plaintiffs' bankruptcy estate.  The Plaintiffs did not list the alleged FDCPA action on their bankruptcy schedules and, accordingly, they are estopped from pursing it.

**Failure to Produce Original Note or Full Accounting of Indebtedness and Uniform Commercial Code**

The Plaintiffs suggest that for the Defendant's "judgment" to be valid, the Defendant would have had to: (1) have provided to the Plaintiffs an original copy of the promissory note showing their indebtedness and a full accounting of the indebtedness; and (2) be in possession of the "instrument" so their security interest in it was properly perfected under New Jersey's version of the Uniform Commercial Code (the "New Jersey UCC").[5]  For the purposes of this discussion, we interpret the Plaintiffs' reference to a judgment to refer to the Defendant's claim**.**

The allegations that the Defendant did not provide an original copy of the promissory note and a full accounting of the indebtedness do not state a plausible cause of action at the initial stages of the litigation.  The Defendant was not required to provide discovery or introduce evidence at the time the complaint was filed.

---

[5]The Plaintiffs did not explain why New Jersey law would apply here.  Because this Court finds that the Plaintiffs failed to state a cause of action under New Jersey law, it need not decide whether that is the law that would apply to this transaction.

10

Although the Plaintiffs' argument is again unclear, they seem to maintain that the Defendant's claim or judgment is invalid because it did not perfect its security interest in the promissory note by possession. This Court does not see how the Plaintiffs' argument is relevant or correct.

The Plaintiffs' papers suggest that they rely on Article 9 of the New Jersey UCC to challenge the Defendant's security interest. Article 9 does not apply to the security interest at issue here because the security interest asserted by the Defendant is a security interest in real estate, not in a promissory note. Section 9-109 of the New Jersey Uniform Commercial Code explains that, absent exceptions that the Plaintiffs have not alleged to exist here, Article 9 is inapplicable to "the creation or transfer of an interest in or lien on real property." N.J. STAT. ANN. § 12A:9-109(d)(11).

Moreover, the Plaintiffs' understanding of the method of perfection required for an instrument is incorrect. Section 9-312(a) of the New Jersey UCC provides that a security interest in an instrument is perfected by filing. N.J. STAT. ANN. § 12A:9-312(a). Comment 2 clarifies that "[t]his rule represents an important change from former Article 9, under which the secured party's taking possession of an instrument was the only method of achieving long-term perfection." N.J. STAT. ANN. § 12A:9-312, cmt. 2.

**Standing of Defendant**

According to the Plaintiffs, the Defendant "lacks standing in this court." It is puzzling to this Court why the Plaintiffs argue about the Defendant's standing when it was the Plaintiffs who commenced this adversary proceeding in the first instance.

**Miscellaneous Allegations**

Included in the Plaintiffs' papers are additional allegations for which this Court cannot make sense. Included in these allegations are the references to the Defendant's

"Color of Authority Actions which accompanies this Action as a separate set of Counterclaims" and the alteration of the "original negotiable instrument 'contract' bond [sic]." It is possible, though not certain, that these statements are made as support for the theories asserted by the Plaintiffs about the United States banking system. In any event, they do not put the Defendant on notice of the causes of action asserted against them and do meet the plausibility standard required by the Supreme Court.

### Request for Information

The Plaintiffs' Request for Information demanded production of certain documents from the Defendant and included new claims against the Defendant that were not asserted in their Complaint.[6] They also state that the Defendant's failure to respond to their requests within a specified period of time will constitute a "confession" of violation of certain federal laws. Despite the Plaintiffs' attempts, this is simply not the way that the applicable laws and rules of procedure operate. This Court will only consider the allegations made in the Complaint and will not charge the Defendant with responding to unfounded and premature discovery requests.

## CONCLUSION

The Plaintiffs failed to state a plausible claim for relief. Accordingly, it is hereby

**ORDERED** that the Defendant's Motion to Dismiss shall be **GRANTED** in that the above-captioned adversary proceeding shall be **DISMISSED WITH PREJUDICE**. It would be futile to allow the Plaintiffs leave to amend their Complaint in this action because of its deficiencies and frivolous nature. It is further

---

[6] As mentioned previously, this Court does not have jurisdiction over the Defendant's attorneys who have not been made parties to this action. To the extent that the Request for Information includes allegations against the attorneys, this Court cannot consider them.

**ORDERED** that all pending requests and motions shall be denied.

DATED: September 29, 2010  
St. Louis, Missouri  
cke

Barry S. Schermer  
Chief United States Bankruptcy Judge

Copy To:

Michael Jessie Barnes  
Beverly Ann Hendricks-Barnes  
4770 Parkton Place  
Florissant, MO 63033  
PLAINTIFFS/DEBTORS

Jonathan B. Burford  
Kozeny & McCubbin, L.C.  
12400 Olive Blvd., Suite 555  
St. Louis, MO 63141  
ATTORNEYS FOR DEFENDANT

John V. LaBarge, Jr  
Chapter 13 Trustee  
P.O. Box 430908  
St. Louis, MO 63143

U.S. Trustee  
Office of U.S. Trustee  
111 South Tenth Street  
Suite 6353  
St. Louis, MO 63102